IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONAL JONES                                                                                       PLAINTIFF

v.                                               Case No. 4:22-cv-4074

KAREN GHORMLEY; STEVE OTWELL;
and SHERIFF DANNY MARTIN                                                       DEFENDANTS

## ORDER

Before the Court is Plaintiff's failure to comply with orders of the Court. Plaintiff Donal Jones originally filed this 42 U.S.C. § 1983 action *pro se* on August 23, 2022, in the Eastern District of Arkansas. ECF No. 2. Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") on the same day. ECF No. 1. This matter was transferred to this Court on August 24, 2022. ECF No. 3. Plaintiff was granted IFP status on August 25, 2022. ECF No. 6.

The parties litigated this matter through the discovery period. On April 27, 2023, Defendants filed their Motion for Summary Judgment, Brief in Support, and Statement of Facts. ECF Nos. 17, 18, & 19. The Court then entered an Order directing Plaintiff to respond to Defendants' Motion for Summary Judgment. ECF No. 20. That Order included the following specific instructions regarding the procedure and legal requirements for a summary judgment response:

> At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means the Response must include legal arguments, as well as affidavits, prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. The affidavit must be based upon the personal knowledge of the person executing the affidavit and must be either: (1) sworn and subscribed by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. 1746.

> Furthermore, Plaintiff must also separately file a Statement of Disputed Facts, which lists: (a) any disagreement with the specifically numbered factual assertions contained in the Statement of Undisputed Facts filed by the Defendant; and (b) any other disputed facts that must be resolved at a hearing or trial.
>
> If Plaintiff disputes any of the facts set forth by the Defendant in the Statement of Undisputed Facts, each numbered paragraph must be identified that contains the fact in dispute and, for each paragraph identified, explain why there is a dispute.
>
> Plaintiff is advised that if he intends to rely upon any records or exhibits that have been previously filed with the Court, Plaintiff must specifically refer to those documents by ECF document and page numbers. The Court will not sift through the file to find support for the factual contentions. *See Crossley v. Georgia-Pacific Corp.,* 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages in the record that supported his position).

ECF No. 20. That Order was not returned as undeliverable. Plaintiff's response to Defendants' Motion for Summary Judgment was due on May 19, 2023. Plaintiff failed to file a response.

On May 22, 2023, the Court entered an Order to Show Cause. ECF No. 21. In that Order, Plaintiff was directed to show cause why he failed to comply with the Court's Order directing a response to Defendants' Motion for Summary Judgment. Plaintiff's response to the Show Cause Order was due on June 12, 2023. That Show Cause Order was sent to Plaintiff's address of record, but it was returned as undeliverable mail. ECF No. 22. Plaintiff was given a thirty (30) day period to notify the Court of a new address. That period expired on July 7, 2023. The Court has not received any communication from the Plaintiff with a notice of new address or in response to any of the Court's Orders. Plaintiff has not communicated with the Court in any way since filing his Amended Complaint in October 2022. ECF No. 11.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk

2

> and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

      Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

      Here, Defendants expended resources conducting discovery and preparing a Motion for

3

Summary Judgment.  Plaintiff then chose not to respond to their Motion even after directed to do so by the Court.  Plaintiff was advised in two separate Court orders that failure to respond would result in dismissal of his case.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is hereby **DISMISSED WITH PREJUDICE**.

      **IT IS SO ORDERED**, this 9th day of August, 2023.

                                            /s/ Susan O. Hickey  
                                            Susan O. Hickey  
                                            Chief United States District Judge